

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| MARQUETTE MARSHALL,      § | |
|       Plaintiff,     § | |
| § | |
| vs.     § | CIVIL ACTION NO. 1:24-1953-MGL |
| § | |
| CONSUMER PORTFOLIO SERVICES, INC.,  § | |
|       Defendant.    § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS ACTION WITHOUT PREJUDICE**

Plaintiff Marquette Marshall (Marshall), who is self-represented, brings this lawsuit against Defendant Consumer Portfolio Services, Inc (CPSI).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court this action be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate, Judge filed the Report on May 8, 2024, and the Clerk of Court entered Marshall's objections on May 28, 2024. The Court has carefully reviewed Marshall's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Frankly, the Court is unable to follow several of the arguments contained in Marshall's objections. For instance, he starts off by stating, "[d]espite repeated demands from [him] for [CPSI] to apply the payment [he allegedly sent] . . . to [his] account, [CPSI] failed to do so and persisted in claiming non-receipt of payments, consequently breaching the written contract." Objections at 2.

But then he later "[o]bjects to [the] Magistrate [Judge] alleging that he is a borrower and that a debt was given to him[.]" *Id*. at 3. "On June 9, 2022[,]" according to Marshall, he and CPSI "utilized a (Promissory Note) in which [CPSI] agreed to pay [him]. This consumer credit transaction was created making [CPSI] a borrower and [him as] the financer of the consumer credit transaction." *Id*.

Therefore, given the opaqueness of many of Marshall's objections, in an abundance of caution, the Court has made a de novo review of the Report and entire record in this case. Suffice it to say Marshall's objections are so meritless as to make discussion of them unnecessary. Accordingly, inasmuch as the Court agrees with the Magistrate Judge's discussion and analysis as set forth in her comprehensive and well-reasoned Report, the Court will accept her suggestion to dismiss this action.

After a thorough de novo review of the Report and the record in this case, the Court overrules Marshall's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 24th day of June, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Marshall is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.